**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JAMES ZAJAC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CORRECT THE CASE RECORD**<br><br>Case No. 2:06-cr-811-CW<br><br>Hon. Clark Waddoups |

On August 10, 2026, Thomas James Zajac, currently a federal inmate, filed a *pro se* “Motion to Correct the Case Record (the “Motion). [*See* ECF No. 660.] In his Motion he “requests the court correct an apparent error listing within his case record.” [*See id*. at 1.] For the reasons discussed below, Mr. Zajac’s Motion is DENIED.

## BACKGROUND

On September 15, 2006, Thomas Zajac concealed a homemade bomb in an Arby’s bag and placed it on the third floor of the Salt Lake City Public Library in

downtown Salt Lake City, Utah. The bomb detonated and caused property damage. Fortunately, no was injured. A few weeks after the bombing, the Salt Lake City Police Department received a letter that referenced the Salt Lake City bomb and threatened more violence, including a future, larger bomb that would be "designed to kill" and "placed in a public place again, but in a crowd this time." Law enforcement officials eventually linked the bomb and the letter to Mr. Zajac. *See United States v. Zajac*, 680 F. App'x 776, 777–78 (10th Cir. 2017); *Zajac v. United States*, 154 F. Supp. 3d 1230, 1235 (D. Utah 2015).

Mr. Zajac was indicted, convicted, and initially sentenced on the following six crimes: attempting to damage or destroy a building using an explosive device in violation of 18 U.S.C. § 844(i); using or carrying a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B)(ii); possessing an unregistered destructive device in violation of 26 U.S.C. § 5861(d); being a felon in possession of a destructive device in violation of 18 U.S.C. § 922(g)(1); possessing a destructive device following a domestic violence conviction in violation of 18 U.S.C. § 922(g)(9); and willfully using the mail to threaten the use of explosives in violation of 18 U.S.C. § 844(e). None of these counts charged or required the finding of a personal injury.

Initially, the court sentenced Mr. Zajac to a 420-month term of imprisonment. But after his conviction under Count 2 was vacated in a 28 U.S.C. § 2255 proceeding, Mr. Zajac was resentenced to a total 258-month sentence. [*See* ECF Nos. 626 & 627.]

Following that resentencing Mr. Zajac appealed claiming that the court erred because it concluded that his sentence under 18 U.S.C. § 844(i) must run consecutively to the remaining counts. The Tenth Circuit agreed and reversed the sentence and remanded the matter. *See United States v. Zajac*, No. 20-4123, 2022 WL 263343, at *2 (10th Cir. Jan. 28, 2022). On remand, the court resentenced Mr. Zajac to a total sentence of 258 months in prison with credit for time served. [*See* ECF Nos. 653 & 654.][1]

**ANALYSIS**

As liberally construed, Mr. Zajac's Motion asks the court to correct his record to reflect that that he was convicted only of "actual damage" equal to the amount of restitution that he was ordered to pay.[2] [*See* ECF No. 660 at 2-3.] But Mr. Zajac does not invoke any specific Federal Rule of Criminal Procedure or any other authority to support his request to clarify his sentence or "correct the record" on this basis. Nor does the court find any need to "correct" the record in any way.

---

[1] In September 2006 Mr. Zajac also planted and detonated a pipe bomb in the waiting room of a train station in Hinsdale, Illinois. In 2023, he was tried, convicted, and sentenced on three counts related to that bombing. His conviction and sentence of 240-months imprisonment—a term to run consecutive to the sentence imposed in this case—was affirmed on February 13, 2025. *See United States v. Zajac,* No. 24-1224, 2025 WL 487215, at *1-4 (7th Cir. Feb. 13, 2025) (unpublished).

[2] Because he proceeds *pro se* the court has construed Mr. Zajac's Motion liberally, but it will not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that if court could reasonably read filings to state a valid claim it should do so despite the failure to cite proper legal authority but "[a]t the same time we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant").

As Mr. Zajac's filing establishes, the record is already clear that his bombing of the Salt Lake City Public library resulted in $6,128 in actual damages: the amount he was also ordered to pay in restitution. [*See, e.g.*, ECF Nos. 626, 627, 653, 654.] Indeed, Mr. Zajac's Motion cites to and attaches copies of the record where it is made clear that the bomb he placed in the library caused $6,128 in property damage. [*See* ECF No. 660 at 2–3, 8, 15, 16, 19 & 22 (citing transcripts and docket entries reflecting that the damage caused by Mr. Zajac's bomb caused property damage for which restitution of $6,128 was required).]

As a general rule courts have limited power to modify or correct a sentence once it has been imposed. *See United States v. Spaulding*, 802 F.3d 1110, 1112 (10th Cir. 2015) (noting that district courts have jurisdiction to alter such criminal judgments only to the extent "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure) (quotations and citations omitted).

Notably, Criminal Rule of Civil Procedure 35, entitled "Correcting or Reducing a Sentence," offers no support to Mr. Zajac as it may only be used to correct a sentence in two scenarios, neither of which is present here. *See* FED. R. CRIM. P. 35(a)–(b) (providing that only corrections for clear error made withing 14 days after sentencing and sentence reductions based on the government's motion for substantial assistance are available under the rule).

Nor does Criminal Rule of Civil Procedure 36 support Mr. Zajac's request. This rule may only be used to "correct a clerical error in the judgment, order, or part of the record, or correct an error arising from oversight or omission." FED. R. CRIM.

P. 36. Mr. Zajac raises no argument, cites no case law, and has presented no facts to advance any of those arguments. On the contrary, and as noted above, Mr. Zajac acknowledges that the record accurately reflects that his criminal conduct caused property damage of $6,128.

Count I of the Second Superseding Indictment in this criminal prosecution charged that Mr. Zajac did "maliciously damage and destroy, and attempted to damage and destroy, by means of an explosive, any building or other real or personal property, used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce, to wit: the Salt Lake City Public Library; all in violation of 18 U.S.C. § 844(i)." [ECF No. 322 at 2.] The jury was charged that Count I "makes it a crime for any person to maliciously damage and destroy or attempt [to] damage or destroy, by means of an explosive, any building used in or affecting interstate commerce" and that to find Mr. Zajac guilty, they must be convinced that the government proved beyond a reasonable doubt that, among other things, "Mr. Zajac damaged or destroyed, or attempted to damage or destroy, any building by means of an explosive." [*See* ECF No. 472 at 4, 53.] After hearing the evidence, the jury convicted him of that charge. [*See* ECF No. 470.] That conviction has never been reversed on appeal or vacated, set aside, or corrected on collateral attack.

## CONCLUSION

Because the record in this proceeding already accurately reflects Mr. Zajac's conviction and the harms caused by his criminal conduct there is no need for any

"correct" his case record. Accordingly, his Motion [ECF No. 660] is DENIED.

**SO ORDERED**

DATED this 2nd day of November 2026.

BY THE COURT:

Clark Waddoups
United States District Judge